|  |  |
|---|---|
| K.S., K.K., H.M., T.K., J.H., S.B., S.C., T.S., C.K., D.R., L.A., & M.L.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PUYALLUP, a municipal corporation, POLICE CHIEF BRYAN JETER, LIEUTENANT EDWARD SHANNON,<br><br>Defendants. | CASE NO. 13-5926 RJB<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS AND/OR FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGEMENT AND INJUNCTIVE RELIEF |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the Court on the Defendants' Motion to Dismiss and/or for Partial Summary Judgment (Dkt. 8), Plaintiffs' Opposition to Partial Motion to Dismiss and/or Summary Judgment and Cross Motion for Summary Judgment on Invasion of Privacy Claim, Violation of RCW Chapter 10.79, & Injunctive Relief (Dkt. 9 same document refiled as Dkt. 10, referred herein as Dkt. 10) and Plaintiffs' motions to seal (Dkts. 11 and 12).  The Court has considered the pleadings filed regarding the motions and the remaining record.

This case arises from the City of Puyallup jail's use of surveillance cameras.  Dkt. 1.  The Plaintiffs (who filed the case using only their initials) allege that the use of these cameras in the two holding cells where each either changed into jail clothing or used a toilet:

ORDER ON DEFENDANTS' MOTION TO
DISMISS AND/OR FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGEMENT AND
INJUNCTIVE RELIEF- 1

1)  Violated their Fourth and Fourteenth Amendment rights under the United States Constitution,

2)  Violated Washington's RCW 9A.44.115 (criminal voyeurism),

3)  Invaded their privacy contrary to common law and under Washington's Public Records Act, RCW 42.56.050 ("PRA"),

4)  Violated Washington's RCW 10.79, *et. seq.* (regarding strip searches), and

5)  Was negligent.  Dkt. 1.

Defendants now move to dismiss Plaintiffs' claims for voyeurism, invasion of privacy based on the PRA, and violation of RCW 10.79 (strip searches).  Dkt. 8.  Plaintiffs indicate that they do not oppose the dismissal of their claim for voyeurism and for invasion of privacy based on the PRA.  Dkt. 9.  Accordingly, those claims should be dismissed and no further discussion is necessary on them.

Plaintiffs cross move for summary judgment on their claims for invasion of privacy based on the common law and for violation of RCW 10.79 (strip searches).  Dkt. 10.  Plaintiffs also move for injunctive relief seeking an order enjoining Defendants from:

> Any further video recording or monitoring of arrestees that includes having a person remove or arrange some or all of his or her clothing so as to permit an inspection of the genitals, buttocks, anus, or undergarments of the person or breasts of a female person unless a requisite reasonable suspicion is demonstrated in that regard.

Dkt. 10, at 12 *(internal quotations omitted)*.

For the reasons set forth below, Defendants' motion to dismiss Plaintiffs' claim for violation of RCW 10.79 (strip searches) should be granted.  Plaintiffs' cross motion regarding their claims for invasion of privacy based on the common law and for violation of RCW 10.79 (strip

ORDER ON DEFENDANTS' MOTION TO
DISMISS AND/OR FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGEMENT AND
INJUNCTIVE RELIEF- 2

searches) should be denied.  Plaintiffs' motion for injunctive relief should be denied without prejudice.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiffs in this case are eleven women and one man arrested for drunk driving and taken to the Puyallup Washington City Jail.  Dkt. 1.  Each either used the toilet and/or changed clothes in one of the two jail cells which had a stationary video camera.  *Id.*  Male and female officers had access to the black and white surveillance videos.  *Id.*

Plaintiffs assert in their Complaint that the video recordings are available to anyone who makes a request pursuant to Washington's PRA.  Dkt. 1.  Defendants contend that as of December 13, 2013, the jail no longer records the surveillance feed from the two holding cells.  Dkt. 23, at 1.  Defendants state that all recordings have now been purged and there are no remaining records of any footage from either of the two holding cells, except those in the hands of Plaintiffs' counsel and those filed here.  Dkt. 23, at 1.

Attached to Plaintiffs' response/motion is a compact disc which purportedly contains the recordings of each of the 12 Plaintiffs in the holding cells.  Defendants also attach a compact disc to their pleadings which purportedly contains the recordings of the first three Plaintiffs.  It shows the same view of the first three Plaintiffs as submitted by the Plaintiffs and – by way of a split screen – the recordings of the jail officers outside the cell at the same time.

In addition to the pending motions for summary judgment, in two of Plaintiffs' attorneys' declarations, Plaintiffs request that the video of them using the toilet and/or changing clothes be filed under seal.  Dkts. 11 and 12.  This request should be construed as a motion to seal.

This opinion will first consider the Plaintiffs' motion to seal the video recordings (Dkts. 11 and 12) and then turn to the motions for partial summary judgment (Dkts. 8 and 12) by claim.

ORDER ON DEFENDANTS' MOTION TO
DISMISS AND/OR FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGEMENT AND
INJUNCTIVE RELIEF- 3

## II. DISCUSSION

**A. PLAINTIFFS' MOTIONS TO SEAL**

Local Rule W.D. Washington 5(g)(3) provides that a motion to seal a document must include:

> (A) A certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;
> (B) A specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary.

Plaintiffs move to have the compact disc containing the recordings of them using the toilet and/or changing clothes sealed in the court record. Dkt. 11 and 12. Plaintiffs state that they "request that the video be filed under seal and not be made available to the general public, for reasons that will be readily apparent upon review of said video." Dkts. 11 and 12.

Plaintiffs' lawyers have failed to protect their clients by properly moving to seal this footage. The Plaintiffs make no showing that they met and conferred with all other parties as required by the LCR 5(g)(3). They do not provide a "specific statement of the applicable legal standard" either. The Defendants filed a disc containing recordings of the first three Plaintiffs using the toilet. No motion (or mention) of sealing that disc has been made.

However, both discs contain footage of the Plaintiffs using the toilet and/or changing clothes. Both discs should be sealed at this time. Parties should be ordered to confer in accord with LCR 5(g)(3). Moreover, on or before July 25, 2014, Plaintiffs should inform the Court of the parties' plan on how to handle exhibits of the footage and how the footage will be managed at trial.

ORDER ON DEFENDANTS' MOTION TO
DISMISS AND/OR FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGEMENT AND
INJUNCTIVE RELIEF- 4

1   Plaintiffs' motions to seal (Dkt. 11 and 12) should be granted.  The disc Plaintiffs submitted, as
2   well as the disc the Defendant submitted, should be sealed.

3   **B.  MOTION FOR SUMMARY JUDGMENT STANDARD**

4   Summary judgment is proper only if the pleadings, the discovery and disclosure materials on
5   file, and any affidavits show that there is no genuine issue as to any material fact and that the
6   movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is
7   entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient
8   showing on an essential element of a claim in the case on which the nonmoving party has the
9   burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue
10  of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find
11  for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586
12  (1986)(nonmoving party must present specific, significant probative evidence, not simply "some
13  metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a
14  material fact exists if there is sufficient evidence supporting the claimed factual dispute,
15  requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty
16  Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors
17  Association*, 809 F.2d 626, 630 (9th Cir. 1987).

18  The determination of the existence of a material fact is often a close question.  The court
19  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –
20  e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect.
21  Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor
22  of the nonmoving party only when the facts specifically attested by that party contradict facts
23  specifically attested by the moving party.  The nonmoving party may not merely state that it will

24  ORDER ON DEFENDANTS' MOTION TO
    DISMISS AND/OR FOR PARTIAL SUMMARY
    JUDGMENT AND PLAINTIFFS' MOTION FOR
    PARTIAL SUMMARY JUDGEMENT AND
    INJUNCTIVE RELIEF- 5

discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### C. CLAIM FOR INVASION OF PRIVACY

Plaintiffs move for summary judgment on their common law invasion of privacy claim. Dkt. 9.

Washington recognizes a claim for invasion of privacy under the common law. *Reid v. Pierce County,* 136 Wash.2d 195, 206 (1998)(*citing* the Restatement (Second) of Torts). The Restatement (Second) of Torts recognizes four types of invasion of privacy claims in § 652A, which are more fully explained in §§ 652B-E.

Section 652A provides:

> (1) One who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other.
>
> (2) The right of privacy is invaded by:
>
>   (a) unreasonable intrusion upon the seclusion of another, as stated in § 652B; or
>   (b) appropriation of the other's name or likeness, as stated in § 652C; or
>   (c) unreasonable publicity given to the other's private life, as stated in § 652D; or
>   (d) publicity that unreasonably places the other in a false light before the public, as stated in § 652E.

Restatement (Second) of Torts § 652A (1977).

Section 652B provides:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

ORDER ON DEFENDANTS' MOTION TO
DISMISS AND/OR FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGEMENT AND
INJUNCTIVE RELIEF- 6

Restatement (Second) of Torts § 652B (1977).  Section 652C does not appear to apply here.

Section 652(D) provides:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that:
>
> (a) would be highly offensive to a reasonable person, and
>
> (b) is not of legitimate concern to the public.

Restatement (Second) of Torts § 652D (1977). Section 652E does not appear to apply.

Although the better claim may be under § 652B, Plaintiffs' cross motion and response to Defendants' motion cites only § 652D, regarding publicity to another's private life.  Dkt. 10.

Plaintiffs' motion for summary judgment on their claim for invasion of privacy under the common law should be denied.  Plaintiffs have failed to show that there are no issues of material fact as to the "publicity" of the videos.  For purposes of §652D, "[p]ublicity . . . means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Restatement (Second) of Torts § 652D (1977), Comment a. Plaintiffs argue that some of the Defendants' employees have seen the recordings when they were screening them for the PRA requests, (Dkt. 24), they make no showing that the Defendants communicated the videos "to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge."  Further, Plaintiffs do not contest that it was their lawyers, and not Defendants, who posted redacted images on the internet and gave the news media redacted video recordings.

ORDER ON DEFENDANTS' MOTION TO
DISMISS AND/OR FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGEMENT AND
INJUNCTIVE RELIEF- 7

1    Although Plaintiffs allege in their Complaint that that the video recordings are available to

2    anyone who makes a request pursuant to Washington's PRA, Defendants have shown that the

3    recordings were, in fact, only released to the Plaintiffs' attorneys. Dkt. 22. Defendants point out

4    that they initially resisted Plaintiffs' attorneys' requests for unredacted versions of the

5    recordings, and only after Plaintiffs' attorneys insisted that the PRA requires complete

6    disclosure, did Defendants release the records to Plaintiffs' attorneys. Dkt. 21. Defendants have

7    also shown that all recordings have now been destroyed except those in the hands of Plaintiffs'

8    counsel and those filed here and now under seal. Dkt. 23.

9    Furthermore, the PRA provides immunity for public officials attempting in good faith to

10   comply with the PRA. Under RCW 42.56.060:

11   > No public agency, public official, public employee, or custodian shall be liable,
>    nor shall a cause of action exist, for any loss or damage based upon the release of
12   > a public record if the public agency, public official, public employee, or custodian
>    acted in good faith in attempting to comply with the provisions of this chapter.
13

14   There is no evidence that the Defendants did not act in good faith in attempting to comply

15   with the PRA when it released the videos here to Plaintiffs' lawyers. Plaintiffs have not shown

16   that there are no issues of fact as to whether Defendants "gave publicity" to these recordings, and

17   Plaintiffs' motion for summary judgment on their invasion of privacy claim should be denied.

18   Although Defendants argue in their response that the claim should be dismissed in full, no

19   such motion was originally made, and in the interest of fully and fairly considering the merits of

20   the claim, that motion should be denied without prejudice for failure to comply with Local Rules

21   of W.D. Wash. 7(d), which provides that motions for summary judgment should be noted no

22   earlier than the fourth Friday after filing and service of the motion.

23   **D. CLAIM FOR VIOLATION OF RCW 10.79 (STRIP SEARCHES)**

24   ORDER ON DEFENDANTS' MOTION TO
DISMISS AND/OR FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGEMENT AND
INJUNCTIVE RELIEF- 8

Both parties move for summary judgment on Plaintiffs' claim for violation of RCW 10.79.

The Washington State Legislature has "placed specific limitations on the conduct of strip searches and body cavity searches by law enforcement agencies." *State v. Colin,* 61 Wash.App. 111, 114 (1991)(*citing* RCW 10.79.060 through .170) To that end, RCW 10.79.130 applies to "any person in custody at a holding, detention, or local correctional facility, other than a person committed to incarceration by order of a court." RCW 10.79.120. RCW 10.79.130 provides:

> (1) No person to whom this section is made applicable by RCW 10.79.120 may be strip searched without a warrant unless:
>     (a) There is a reasonable suspicion to believe that a strip search is necessary to discover weapons, criminal evidence, contraband, or other thing concealed on the body of the person to be searched, that constitutes a threat to the security of a holding, detention, or local correctional facility;
>     (b) There is probable cause to believe that a strip search is necessary to discover other criminal evidence concealed on the body of the person to be searched, but not constituting a threat to facility security; or provides:
>     (c) There is a reasonable suspicion to believe that a strip search is necessary to discover a health condition requiring immediate medical attention.
> (2) For the purposes of subsection (1) of this section, a reasonable suspicion is deemed to be present when the person to be searched has been arrested for:
>     (a) A violent offense as defined in RCW 9.94A.030 or any successor statute;
>     (b) An offense involving escape, burglary, or the use of a deadly weapon; or
>     (c) An offense involving possession of a drug or controlled substance under chapter 69.41, 69.50, or 69.52 RCW or any successor statute.

Plaintiffs argue that their cross motion should be granted because Defendants can articulate no "reasonable suspicion" for the strip searches conducted on them. Defendants argue that stationary black and white video surveillance of the holding cells where three of the Plaintiffs changed clothes and the remaining Plaintiffs used the toilet, is not a "strip search" under the plain language of the statute.

ORDER ON DEFENDANTS' MOTION TO
DISMISS AND/OR FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGEMENT AND
INJUNCTIVE RELIEF- 9

1    In Washington, when possible, legislative intent is derived "solely from the plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." *State v. Evans,* 177 Wash.2d 186, 192 (2013)(*citing State v. Ervin,*169 Wash.2d 815, 820 (2010); *Dep't of Ecology v. Campbell & Gwinn*, *LLC*, 146 Wash.2d 1, 9-10 (2002)). "Plain language that is not ambiguous does not require construction." *Id.* (*internal citations omitted*). Under the relevant statute here, "'[s]trip search' means having a person remove or arrange some or all of his or her clothing so as to permit an inspection of the genitals, buttocks, anus, or under garments of the person, or breasts of a female person." RCW 10.79.070(1).

On this claim, Defendants' motion should be granted, Plaintiffs' motion denied, and Plaintiffs' claim dismissed. Plaintiffs have failed to point to evidence supporting the claim for each of the Plaintiffs. First, as to those who used the toilet, Plaintiffs make no showing that Defendants had them "remove or arrange" their clothing. Second, none of the Plaintiffs have made showing that the Defendants had them remove their clothing "so as to permit an inspection of the genitals, buttocks, anus, or under garments of the person, or breasts of a female person." Plaintiffs argue, in their reply, that making a recording constitutes a "search," and that Defendants admitted that Ms. Nichole McNiven, the Puyallup Police Department Records Supervisor, Lieutenant Edward Shannon, and "jail staff" actually saw the video feed. Dkt. 24. (Ms. McNevin's Declaration indicates that she is responsible for ensuring responsive records to a public records request - like the ones Plaintiffs' lawyers made on their behalf - are complied and provided.) Plaintiffs do not deny that these parties reviewed the recordings in order to comply with the public records requests, and point to no evidence that they viewed the recordings for "inspection" or search purposes.

ORDER ON DEFENDANTS' MOTION TO
DISMISS AND/OR FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGEMENT AND
INJUNCTIVE RELIEF- 10

### E. MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs also move for injunctive relief seeking an order enjoining Defendants from:

> Any further video recording or monitoring of arrestees that includes having a person remove or arrange some or all of his or her clothing so as to permit an inspection of the genitals, buttocks, anus, or undergarments of the person or breasts of a female person unless a requisite reasonable suspicion is demonstrated in that regard.

Dkt. 10, at 12 *(internal quotations omitted)*.

Under federal law, a party seeking a preliminary injunction has the burden to show that (1) it is likely to succeed on the merits of the claim, (2) it will suffer irreparable harm absent injunctive relief, and (3) that the balance of the equities and (4) the public interest favor granting the injunction. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). The Ninth Circuit has recently held, that under *Winter*, where there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff" a preliminary injunction can be issued, "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011).

Plaintiffs' motion for injunctive relief should be denied without prejudice. Plaintiffs have not addressed the *Winter* factors. At this early stage in the litigation, Plaintiffs have not shown that they are likely to succeed on the merits of their claims, or that they will suffer irreparable harm absent injunctive relief, or that the balance of the equities and the public interest favor granting the injunction. Furthermore, Defendants point out that as of December 13, 2013, the jail no longer records the surveillance feed from the two holding cells. Dkt. 23, at 1. All recordings have now been purged and there are no remaining records of any footage from either of the two holding cells except those held by Plaintiffs' counsel and those filed under seal in this case. *Id.*

Although Plaintiffs argue that video surveillance (even if it is not being recorded), still violates RCW 10.97.060 (regarding the strip searches), Plaintiffs have not yet made a showing under *Winter* to receive the relief they seek. However, the case is still relatively new. Discovery is ongoing, the facts have not been fully developed, no motions regarding qualified immunity have been filed, and no arguments regarding penal necessity have been raised. At this stage, Plaintiffs' motion for preliminary injunction should be denied without prejudice.

## III.    ORDER

It is **ORDERED** that:

- Plaintiffs' motions to seal the video recordings, of them either using the toilet and/or changing clothes in the two jail cells, (Dkt. 11 and 12) **ARE GRANTED**;
    - The two discs containing those recordings (filed by Plaintiffs as Dkt. 12, Attachment B and filed by Defendants as Dkt. 17, Attachment containing Exhibits 1, 2 and 3) **ARE SEALED**;
- Parties are ordered to **CONFER** in accord with the Local Rule 5(g) in regard to the footage at issue, and on or before **July 25, 2014**, Plaintiffs should inform the Court of the parties' plan on how to handle exhibits of the footage and how the footage will be managed at trial;
- Defendants' Motion to Dismiss and/or for Partial Summary Judgment (Dkt. 8) **IS**:
    - **GRANTED** as to Plaintiffs' claims for voyeurism, for invasion of privacy, to the extent it is based on the PRA, and violation of RCW 10.79 (strip searches); those claims are **DISMISSED**; and
- Plaintiffs' Opposition to Partial Motion to Dismiss and/or Summary Judgment & Cross Motion for Summary Judgment (Dkt. 10) **IS**:

ORDER ON DEFENDANTS' MOTION TO DISMISS AND/OR FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGEMENT AND INJUNCTIVE RELIEF- 12

1         o **DENIED** on the claims for invasion of privacy based on the common law

2           and violation of RCW Chapter 10.79 (strip searches), and

3         o **DENIED WITHOUT PREJUDICE** as to the motion for injunctive

4           relief.

5     The Clerk is directed to send uncertified copies of this Order to all counsel of record and

6 to any party appearing *pro se* at said party's last known address.

7     Dated this 7th day of July, 2014.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANTS' MOTION TO
DISMISS AND/OR FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGEMENT AND
INJUNCTIVE RELIEF- 13